UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY RYAN,            )
                                  )
             Petitioner     )
                                  )
       vs.                 )        CAUSE NO. 3:15-CR-62 RLM-MGG
                                  )
UNITED STATES OF AMERICA,  )
                                  )
            Respondent  )

<u>OPINION AND ORDER</u>

A jury found Timothy Ryan guilty of distributing child pornography, 18 U.S.C. §§ 2252(a)(2), receiving child pornography, 18 U.S.C. §§ 2252(a)(2), and possessing child pornography, 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). He was sentenced to 157 months' imprisonment, about 25 percent below the Sentencing Guidelines' recommended term, and 5 years' supervised release. Mr. Ryan's trial counsel, Bryan Truitt, filed a notice of appeal and a motion to substitute counsel, which the court of appeals granted. The court of appeals considered three issues on review: (1) whether the court properly denied Mr. Ryan's motion to substitute counsel on the eve of trial; (2) whether the government sufficiently proved that Mr. Ryan "knowingly" distributed child pornography and whether the sentencing enhancement for distribution of child pornography was properly applied; and (3) whether Mr. Ryan's computer was properly forfeited. <u>United States v. Ryan</u>, 885 F.3d 449, 452 (7th Cir. 2018). The court of appeals found that this court's denial of Mr. Ryan's motion to substitute counsel was not an abuse of discretion, the government sufficiently proved that Mr. Ryan knowingly distributed child

pornography, and this court committed harmless error when it didn't determine whether any party had requested the jury to determine the forfeiture claim. Mr. Ryan's petition for rehearing and rehearing en banc were both denied, and the Supreme Court denied his petition for certiorari. Ryan v. United States, 139 S. Ct. 127 (2018).

Mr. Ryan now asks this court to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. A prisoner may bring a motion under Section 2255 alleging that his sentence was imposed unconstitutionally, the court didn't have jurisdiction to impose the sentence, the sentence exceeded the maximum authorized by law, or it's otherwise subject to collateral attack. The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The court has discretion to rule without an evidentiary hearing when the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. Cooper v. United States, 378 F.3d 638, 642 (7th Cir. 2004) (citing United States v. Kovic, 830 F.2d 680 (7th Cir. 1987)). A hearing isn't necessary if the petitioner's allegations are "'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" Martin v. United States, 789 F.3d

703, 706 (7th Cir. 2015) (*quoting* <u>Kafo v. United States</u>, 467 F.3d 1063, 1067 (7th Cir. 2006)). The allegations contained in a verified motion to vacate, signed under penalty of perjury, become evidence and "permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings." <u>Kafo v. United States</u>, 467 F.3d at 1068.

The court has reviewed Mr. Ryan's motion and supporting memorandum[1] and finds that his arguments aren't supported by the facts or the law in this case and can be resolved without a hearing. *See* <u>Martin v. United States</u>, 789 F.3d 703, 706 (7th Cir. 2015) (evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"); <u>Kafo v. United States</u>, 467 F.3d 1063, 1067 (7th Cir. 2006); <u>Bruce v. United States</u>, 256 F.3d 592, 597 (7th Cir. 2001). Appointment of counsel isn't required under Rule 8(c) of the Rules Governing Section 2255 Proceedings or warranted in the interest of justice under 18 U.S.C. § 3006A(a)(2)(B). *See* <u>Rauter v. United States</u>, 871 F.2d 693, 695-696 (7th Cir. 1989).

Mr. Ryan presents eight grounds for his 28 U.S.C. § 2255 motion to vacate. The court addresses them in the order he raised them.

---

1 The court didn't review the memorandum Mr. Ryan attached in support of his reply brief [Doc. No. 171-1] because his reply brief was 29 pages, and the additional 26-page supporting memorandum would put him well over the page limit in Local Rule 7-1(e).

Ground 1: Ineffective Assistance of Counsel

Mr. Ryan's first ground for relief is that his trial counsel provided ineffective assistance. "[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). To prevail on an ineffective assistance of counsel claim, Mr. Ryan must show both that his attorney's performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984). This is a difficult standard to meet. Mr. Ryan must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Ryan] of a fair [result]." Strickland v. Washington, 466 U.S. at 687. The court can address the Strickland prongs in the order it sees fit, because an insufficient showing as to either of the prongs is fatal to a claim. Strickland v. Washington, 466 U.S. at 697; McDaniel v. Polley, 847 F.3d 887, 893 (7th Cir. 2017).

With regard to the performance prong of the Strickland inquiry, there is a strong presumption that counsel performed effectively. See Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance.'" Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015) (*quoting* Strickland v. Washington, 466 U.S. at 687). Because reviewing courts shouldn't second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the wide range of reasonable strategic choices "rests squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22-23 (2013).

If counsel's performance was deficient, the petitioner must still "show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694).

Mr. Ryan raises about 40 issues under his ineffective assistance of counsel claim. Where possible, the court addresses related claims together. For the following reasons, Mr. Ryan hasn't met the Strickland standard on any of the issue he raises.


**Witnesses.** Mr. Ryan argues Mr. Truitt should have called additional witnesses, including Sonya Burnside, Ms. Burnside's daughters, and a witness named "Jeff". He also says Mr. Truitt should've called unnamed alibi and eyewitnesses. Finally, he alleges that Mr. Truitt didn't cross-examine the government's witnesses effectively.

"When a petitioner alleges that counsel's failure to investigate resulted in

5

ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced." United States v. Lathrop, 634 F.3d 931, 939 (7th Cir. 2011). An attorney must make "a reasonable investigation of the principal facts of the defendant's case" or "a reasonable decision that particular investigations are unnecessary." Rutledge v. United States, 230 F.3d 1041, 1050 (7th Cir. 2000) (*citing* Strickland v. Washington, 466 U.S. at 691). But he "need not investigate every evidentiary possibility before choosing a defense[.]" Id. "'Trial tactics are a matter of professional judgment'... it is not our task to second-guess counsel's judgment and replace it with our own." United States v. Lathrop, 634 F.3d 931, 937 (7th Cir. 2011) (*quoting* United States v. Malone, 484 F.3d 916, 920 & n. 1 (7th Cir. 2007)). If counsel articulates a strategic reason for a decision that was sound at the time, that decision generally can't be grounds for an ineffective assistance of counsel claim. Id. An attorney needn't present every witness the defendant suggests to him. United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). "Where a petitioner claims his trial counsel failed to call a witness, he must make a specific, affirmative showing as to what the missing evidence would have been and prove that this witness's testimony would have produced a different result." Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994).

The record shows that Mr. Truitt interviewed or tried to interview all of the witnesses Mr. Ryan asked him to. On appeal, the circuit court found: "Counsel had contacted all the witnesses Ryan thought would be helpful, employed the assistance of the FBI to try to track down Ryan's cousin [Ms. Burnside], and

6

hired an expert to investigate the computer programs involved." <u>United States v. Ryan</u>, 885 F.3d 449, 452 (7th Cir. 2018). Mr. Truitt says in an affidavit that he interviewed Ms. Burnside's daughters but didn't think the two minors' testimony would be admissible or help Mr. Ryan's case. He thought the jury might penalize the defense for calling children as witnesses. Mr. Truitt articulated a sound, strategic reason for not calling Ms. Burnside's daughters as witnesses, which the court won't second guess. <u>United States v. Lathrop</u>, 634 F.3d at 937.

Mr. Ryan hasn't shown that Mr. Truitt's efforts to get Ms. Burnside's testimony, including seeking the FBI's assistance in finding her, fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. at 687-688.

Mr. Ryan's allegations that Mr. Truitt should have called more alibi and eyewitnesses are vague and conclusory and therefore don't warrant relief. <u>Martin v. United States</u>, 789 F.3d at 703. He doesn't identify the witnesses. He alleges that the eyewitnesses would have testified Ms. Burnside and her husband engaged in criminal activity, but he hasn't shown that testimony about those alleged misdeeds would have produced a different result at trial. <u>Patel v. United States</u>, 19 F.3d at 1237.

Mr. Ryan also argues there was a "[l]ack of cross-examination and/or meaningful cross examination" in his case. Mr. Truitt cross-examined all of the government's witnesses. Mr. Ryan doesn't explain how Mr. Truitt's cross-examination was deficient or how different cross-examination would've changed the outcome of trial, so this claim isn't grounds for relief. <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. at 694; <u>United States v. Rodriguez</u>, 53 F.3d 1439, 1449 (7th Cir. 1995).

**Development of Evidence.** Several of Mr. Ryan's allegations relate to evidence he says Mr. Truitt should have obtained or developed further. Mr. Ryan says a psychological evaluation should've been performed; Mr. Truitt should have obtained his job records; and evidence about Ms. Burnside's and others' alleged crimes and misdeeds should have been introduced.

Mr. Ryan says, "No Psychological Evaluation Expert Employed – Child Sexual Attraction Markers not present and would have been defensively noted for trial, but was not." He doesn't explain his claim further, and he hasn't shown that there's a reasonable probability that a psychological evaluation – the results of which seem to be pure speculation on Mr. Ryan's part – would have changed the outcome of trial, so it isn't grounds for relief. <u>Strickland v. Washington</u>, 466 U.S. at 694.

Mr. Ryan also argues that Mr. Truitt "refused" to access job records to demonstrate a potential alibi. The record shows that Mr. Truitt and Mr. Ryan both tried to obtain Mr. Ryan's job records. Mr. Truitt said during trial that he and Mr. Ryan didn't get the records in part because Mr. Truitt didn't issue a subpoena for them. But the government obtained the records, put them into evidence, and shared them with Mr. Truitt and Mr. Ryan, so any error Mr. Truitt made by failing to subpoena Mr. Ryan's work records didn't change the trial's outcome. <u>Id</u>.

Next, Mr. Ryan says Mr. Truitt should have presented more evidence of the alleged crimes and misdeeds of Ms. Burnside, her husband, and Mr. Anderson, including police reports about their conduct. He argues, though at times indirectly, that if Mr. Truitt had presented evidence of the alleged crimes of Ms. Burnside, her husband, and the friends or boyfriends she brought to Mr. Ryan's apartment, the jury would have seen that they, not he, were the ones who were interested in and illegally possessed child pornography.

The jury heard testimony about Ms. Burnside's access to Mr. Ryan's apartment, her husband and other associates, and activities she engaged in with some of them, including drug use. The jury also heard testimony that Mr. Ryan's computer was always logged on in his apartment. Mr. Ryan's hasn't persuaded the court that if Mr. Truitt had introduced police reports and other records about Ms. Burnside and the people she allegedly brought to Mr. Ryan's apartment, there's a reasonable probability that outcome of the trial would've been different. Strickland v. Washington, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

Finally, Mr. Ryan alleges generally that counsel's discovery motion was "incomplete or absent" and would have revealed information beneficial to his case had it been properly filed. He doesn't say what that information is or how it creates a reasonable probability that the outcome of his case would've been different, so it's not a basis for relief. Id.

**Attorney-Client Meetings and Trial Preparation.** Mr. Ryan says Mr.

9

Truitt had too large of a workload; didn't communicate with him about his defense strategy; forgot to inform Mr. Ryan of a moved court date; and sought continuances that didn't effectively "further a defense for Petitioner."

Mr. Ryan alleges that Mr. Truitt had "prejudice toward Petitioner due to Truitt's claimed workload" and complains that Mr. Truitt didn't communicate with him thoroughly about his defense strategy. He cites nothing to support his claims; he doesn't explain how Mr. Truitt's conduct in preparation for trial fell below an objectively reasonable standard. Mr. Truitt says in his affidavit that he met with Mr. Ryan multiple times to prepare for trial, and the two discussed all the strategies Mr. Truitt had identified for Mr. Ryan's defense. Mere allegations, without supporting evidence, can't overcome the strong presumption that counsel provided sufficient legal assistance. Strickland v. Washington, 466 U.S. at 689; Richardson v. United States, 379 F.3d 485, 488 (7th Cir. 2004).

Mr. Ryan also complains that Mr. Truitt sought continuances and forgot to tell him about a moved court date. Mr. Truitt moved to continue trial twice, and he didn't object when the government requested a third continuance. The first time Mr. Truitt asked to continue the trial, he said he needed time to review computer evidence and work records of Mr. Ryan's that the government had produced. The second continuance was granted when Mr. Truitt told the court he had identified a potential exculpatory witness in the week and a half prior. The government sought a motion to continue trial a third time because plea negotiations were ongoing, and the parties were attempting to schedule a polygraph examination for Mr. Ryan. All three continuances were requested to

10

develop evidence that Mr. Ryan says in his motion to vacate is in his favor. Mr. Ryan hasn't shown that when Mr. Truitt's conduct scheduling or rescheduling court dates fell below an objective standard of reasonableness and deprived Mr. Ryan of a fair result. Strickland v. Washington, 466 U.S. at 687. Bare allegations aren't enough to overcome the presumption that counsel provided sufficient assistance. Richardson v. United States, 379 F.3d at 488.

**Interstate Commerce Stipulation.** Mr. Ryan argues that counsel erred by inducing him to stipulate before trial that the Internet is a means of interstate commerce. It's well-settled in this circuit that "[t]he Internet is a facility of interstate commerce." United States v. Chaparro, 956 F.3d 462, 470 (7th Cir. 2020). Mr. Truitt acted reasonably by advising Mr. Ryan to stipulate to that fact. Washington v. Boughton, 884 F.3d 692, 701 (7th Cir. 2018) ("[A]n attorney is not ineffective for failing to raise a meritless argument.").

**Pre-Sentence Report.** Mr. Ryan argues that he didn't receive the pre-sentence investigation report in a timely fashion, and that he didn't get to raise objections to it. First, he says that Mr. Truitt didn't share or review the PSR with him 35 days before sentencing in violation of Federal Rule of Criminal Procedure 32(e). That rule says that the probation officer, not defense counsel, must give the defendant a copy of the PSR 35 days before the sentencing hearing, so violation of Rule 32(e) isn't a basis for finding that counsel was ineffective.

Next, Mr. Ryan says that Mr. Truitt "failed to allow arguments over pre-

sentence investigation reports (PSI) enhancements." But he doesn't say what enhancements should've been contested or arguments Mr. Truitt should have raised in his defense, and he doesn't explain how, but for Mr. Truitt's error, there is a reasonable probability the outcome of sentencing would've been different. Strickland v. Washington, 466 U.S. at 694.

**Counsel Bias.** Mr. Ryan alleges that his counsel had an "aversion" to the types of charges brought against him and made disrespectful comments to him. Nothing in the record indicates that Mr. Truitt has an aversion to child pornography offenses or that he was unable to advocate for Mr. Ryan's interests in the face of such charges. Mr. Truitt says he and Mr. Ryan had a heated discussion about defense strategies on the eve of trial, but a disagreement about trial strategy doesn't show that Mr. Truitt was biased against Mr. Ryan. Mr. Ryan says that Mr. Truitt was unprofessional and brought a family member to one of Mr. Ryan's polygraph examinations. But he doesn't say how the family member's presence at the polygraph appointment affected Mr. Truitt's ability to counsel him. Mr. Ryan's bare allegations about bias and professionalism, without more, are insufficient to overcome the presumption that counsel provided effective assistance. Strickland v. Washington, 466 U.S. at 689; Richardson v. United States, 379 F.3d at 488.

**Polygraph Test.** Mr. Ryan also alleges that if Mr. Truitt had "sanctioned" a polygraph test, the results of that test would have exonerated him. The record

shows that Mr. Truitt made a reasonable effort to obtain a polygraph examination. Mr. Truitt says in his affidavit that he and the government scheduled an examination for Mr. Ryan twice as part of a possible plea agreement. Mr. Truitt had car trouble while driving to the first test, so it was rescheduled. Mr. Ryan and Mr. Truitt made it to the second test, but Mr. Ryan said he couldn't participate because he was sick. Mr. Ryan hasn't shown that Mr. Truitt made any error as to "sanctioning" polygraph evidence or arranging a polygraph exam, so this claim isn't grounds for relief. Strickland v. Washington, 466 U.S. at 687.

**Attempt to Terminate Relationship with Counsel.** Mr. Ryan also argues that Mr. Truitt made misrepresentations to the court when he brought Mr. Ryan's motion for new counsel. Mr. Ryan already raised the issue of his motion to substitute counsel on direct appeal, and the circuit court concluded that this court's denial of that motion was not grounds to reverse Mr. Ryan's conviction. United States v. Ryan, 885 F.3d 449, 453 (7th Cir. 2018). "Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." Varela v. United States, 481 F.3d 932, 936 (7th Cir. 2007). "[A]n initial federal determination controls in subsequent rounds of review if '(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.'" Peoples v. United States , 403 F.3d

844, 847 (7th Cir. 2005) (*quoting* <u>Sanders v. United States</u>, 373 U.S. 1, 15 (1963)). Mr. Ryan doesn't show that circumstances have changed such that the court should further review the circuit court's decision, nor does he establish that the court should revisit the decision to serve the ends of justice, so he can't obtain relief on this claim.

**Other Issues.** In a paragraph titled "Counsel's Wholesale Abandonment of Defendant," Mr. Ryan produces a laundry list of evidence he believes counsel failed to present at trial and defenses he believes counsel failed to raise. Much of the paragraph repeats allegations Mr. Ryan made in other parts of his ineffective assistance of claim. Others are conclusory, unsupported assertions that counsel: (1) failed to address evidence related to IP address information and software on Mr. Ryan's computer; (2) didn't contest inflammatory "and/or misrepresented phraseology;" (3) didn't know or remember witnesses; (4) didn't present a meaningful defense; and (5) failed to address "the prosecution's lies and misdirection." These allegations are vague and conclusory, so a hearing on them isn't necessary. <u>Martin v. United States</u>, 789 F.3d at 706.

Mr. Ryan also alleges that there wasn't any "adversarial pursuit of the Fourth Amendment's protection of privacy can not be invalidated simply because a person's right to want to be private evidences unlawful activity because the person does not want to be monitored 24/7 (also the expectation of privacy in one's home)." The court can't tell from Mr. Ryan's allegation what Fourth Amendment issue he believes counsel should've raised or how it would've

changed the outcome of trial, so this claim isn't grounds for relief.

Finally, Mr. Ryan complains that Mr. Truitt shouldn't have subpoenaed Yolanda Campbell, whose testimony undermined his defense. He doesn't explain how Ms. Campbell's testimony undermined his defense or how the outcome of trial would've changed if she hadn't testified, so this claim isn't grounds for relief, either. Strickland v. Washington, 466 U.S. at 694.


## Ground Two: Conflict of Interest

Mr. Ryan argues that counsel had a "foundational conflict of interest" as an officer of the court. Specifically, he contends that "when Counsel's first duty is to the Court," there is a presumptive conflict of interest.

"The Sixth Amendment right to effective assistance of counsel encompasses 'a correlative right to representation that is free from conflicts of interest.'" Blake v. United States, 723 F.3d 870, 880 (7th Cir. 2013) (*quoting* Wood v. Georgia, 450 U.S. 261, 271 (1981)). There are two frameworks to analyze a conflict of interest claim in a collateral proceeding. The court applies the standard from Cuyler v. Sullivan, 446 U.S. 335 (1980), "if the defense counsel was faced with a choice between advancing his own interests above those of his client." Blake v. United States, 723 F.3d 870, 880 (7th Cir. 2013) (*quoting* Hall v. United States, 371 F.3d 969, 973 (7th Cir. 2004)). If counsel didn't have an "actual" conflict of interest, the court applies the standard from Strickland v. Washington.

Mr. Ryan hasn't shown under the Cuyler standard "that there is a

15

reasonable likelihood that his counsel's performance would have been different had there been no conflict of interest." Id. (citing Hall v. United States, 371 F.3d at 974). Mr. Truitt's duties as an officer of the court are the same regardless of whether he represents Timothy Ryan or anyone else, so they aren't grounds for a finding of "actual" conflict of interest. He hasn't shown under the Strickland standard that Mr. Truitt's representation fell below an objectively reasonable standard of care as a result of his status as an officer of the court. 466 U.S. at 687. By Mr. Ryan's logic, every attorney has a conflict of interest when representing his client by virtue of his duties as a member of the bar. Such duties aren't grounds to vacate, set aside, or correct a conviction and sentence.

### Ground Three: Receipt and Possession Charges

Mr. Ryan next argues that his charges for both receipt and possession of child pornography are impermissibly duplicitous, because "to receive Child Pornography is to possess Child Pornography." The government interprets Mr. Ryan's claim as an argument that the indictment suffered from a defect of duplicity or, in the alternative, multiplicity.

Mr. Ryan's argument comes too late. He should have raised a claim that the indictment was defective because of duplicity or multiplicity before trial. Fed. R. Crim. P. 12(b)(3)(B)(i)-(ii); United States v. Grayson Enterprises, Inc., 950 F.3d 386, 403 (7th Cir. 2020); United States v. Nixon, 901 F.3d 918, 921 (7th Cir. 2018). "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is

procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (*citing* Hale v. United States, 710 F.3d 711, 713-714 (7th Cir. 2013)). The court doesn't consider a procedurally defaulted claim on collateral review unless the petitioner shows either actual innocence or cause and prejudice. Massaro v. United States, 538 U.S. 500, 504 (2003); Delatorre v. United States, 847 F.3d at 843 (*citing* Bousley v. United States, 523 U.S. 614, 622 (1998)).

Mr. Ryan alleges actual innocence in a different part of his petition as an independent ground for relief. "The actual innocence gateway exception is 'grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" Lund v. United States, 913 F.3d 665, 667 (7th Cir. 2019) (*citing* Herrera v. Collins, 506 U.S. 390, 404 (1993)). To establish actual innocence, Mr. Ryan must show that it's more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Id. Mr. Ryan claims that there is evidence that, if presented at trial, would have exonerated him. But to successfully support a claim of actual innocence, a petitioner must present "*new* reliable evidence… that was not presented at trial." House v. Bell, 547 U.S. 518, 537 (2006) (*quoting* Schlup v. Delo, 513 U.S. 298, 324 (1995)). Mr. Ryan cites the testimony of Ms. Burnside and her daughters, as well as "three eyewitnesses" as evidence of his innocence. Ms. Burnside and her daughters' testimony isn't new, as the court has already discussed, and an allegation that three unnamed eyewitnesses exist isn't enough to establish that new reliable evidence of Mr. Ryan's innocence exists. Accordingly, actual innocence is not a basis for

reviewing Mr. Ryan's procedurally defaulted claim.

Mr. Ryan says he didn't challenge his indictment before trial or on appeal because of lack of knowledge and ineffective assistance of counsel. Mr. Ryan had actual knowledge of the indictment and charges against him before trial. Delatorre v. United States, 847 F.3d at 843-844. Further, he hasn't established that Mr. Truitt's assistance was ineffective, nor has he alleged anything to support his claim that his appellate counsel's assistance was ineffective. Strickland v. Washington, 466 U.S. 668, 688-693. Accordingly, he hasn't established cause, and the court won't consider his procedurally defaulted claim.

Ground Four: Application of the Interstate Commerce Clause

Mr. Ryan argues that the Interstate Commerce Clause was unconstitutionally applied to his offense. This is another claim that he could have raised on direct appeal. Delatorre v. United States, 847 F.3d at 843. He didn't, so the court can't consider the claim unless he shows actual innocence or cause and prejudice. Id. For the reasons already stated, he hasn't alleged facts that establish the actual innocence exception to a procedurally defaulted claim.

Mr. Ryan says he didn't challenge the application of the Interstate Commerce Clause at trial or on appeal because of lack of knowledge and ineffective assistance of counsel. Mr. Ryan had actual knowledge of the Interstate Commerce Clause stipulation at trial. Delatorre v. United States, 847 F.3d at 843-844. And for the reasons already stated, he hasn't established that Mr. Truitt's or his appellate counsel's assistance was ineffective. Strickland v.

<u>Washington</u>, 466 U.S. 668, 688-693. Accordingly, he hasn't established cause, and the court won't consider his procedurally defaulted claim.

## Ground Five: Actual Innocence

Mr. Ryan next argues that the court should grant his motion under 28 U.S.C. § 2255 because he is actually innocent. "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993). Accordingly, Mr. Ryan's claim of actual innocence is not on its own grounds for relief under 28 U.S.C. § 2255.

## Ground Six: Pretrial Investigation

Mr. Ryan raises Mr. Truitt's pretrial investigation as an independent ground for relief. Every allegation he makes in this section of his petition was already raised under his ineffective assistance of counsel claim. For the reasons already stated, none of the issues raised are grounds for relief.

## Grounds Seven and Eight: Prosecutorial and Judicial Misconduct

Mr. Ryan's final two grounds for relief are prosecutorial and judicial misconduct. He says that the government improperly indicted him in the face of exonerating evidence, which was prosecutorial misconduct. He cites a list of issues that he says constitute judicial misconduct, including issues related to

his motion to substitute counsel, his objections to the PSR, his counsel's conflict of interest as an officer of the court, and denial of "defendant appeal ability."

Mr. Ryan didn't raise prosecutorial or judicial misconduct on direct appeal, so they are procedurally defaulted unless he shows actual innocence or cause and prejudice. Delatorre v. United States, 847 F.3d at 843. For the reasons already explained, Mr. Ryan hasn't shown actual innocence in his petition, so he must show cause and prejudice to proceed on his claims at this stage. Mr. Ryan says he didn't raise the issues on direct appeal because of his lack of knowledge and appellate counsel's lack of effective assistance.

Mr. Ryan knew all the facts giving rise to his prosecutorial misconduct claim. Delatorre v. United States, 847 F.3d at 843-844. He and Mr. Truitt knew what the charges in the indictment were. Mr. Ryan alleges the indictment was improper based on the existence of evidence proving his innocence, but he doesn't explain what that evidence is or whether it's newly discovered. To establish an ineffective assistance of counsel claim, Mr. Ryan must show that his appellate counsel's assistance fell below an objective standard of reasonableness and that, but for counsel's error, there's a reasonable probability that the outcome of his appeal would've been different. Strickland v. Washington, 466 U.S. at 694. Mr. Ryan hasn't established that his appellate counsel was ineffective. Accordingly, he can't establish cause for failing to raise a claim of prosecutorial misconduct on direct appeal.

Several of the issues Mr. Ryan raises in his discussion of judicial misconduct have already been addressed, including the court's denial of his

motion to substitute counsel and Mr. Truitt's alleged conflict of interest as an officer of the court. Mr. Ryan alleges that the court didn't allow him to object to the PSR and also improperly prevented him from appealing some issues. Mr. Ryan had knowledge of all the facts giving rise to these claims. <u>Delatorre v. United States</u>, 847 F.3d at 843-844. For the reasons already stated, Mr. Ryan hasn't established that his appellate counsel was ineffective, so he can't establish cause to overcome the procedural default of his judicial misconduct claim, either.

<u>Conclusion</u>

Based on the foregoing, Mr. Ryan's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 [Doc. No. 127] is DENIED.

SO ORDERED.

ENTERED:   January 5, 2021


      /s/ Robert L. Miller, Jr.
      Judge, United States District Court


cc:   Timothy Ryan

21